# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | : | Chapter 11 |
| SAMSON RESOURCES CORPORATION, *et al.*, | : | Case No. 15-11934-CSS |
| Reorganized Debtors. | : | (Jointly Administered) |
| CALVIN WILLIAMS, | : | Civ. No. 16-1124-RGA |
| Appellant, | : | |
| v. | : | |
| SAMSON RESOURCES CORPORATION, *et al.*, | : | |
| Appellees. | : | |

## **MEMORANDUM**

Pending before this Court is *pro se* appellant Calvin Williams' Motion for Reconsideration. (D.I. 62). He seeks reconsideration of the Court's August 30, 2017 order (D.I. 61), which dismissed his appeal for lack of jurisdiction. For the reasons set forth below, the motion is denied.

1. **Background.** The background of this dispute is set forth in the Court's previous Memorandum. (D.I. 60). Familiarity with that Memorandum is assumed.

2. The notice of appeal was filed December 5, 2016. (*Id.* at 4). In essence, the Court's previous Memorandum held that the notice of appeal needed to be filed within fourteen days from when the time to file a notice of appeal started to run, and that (1) the triggering date was September 7, 2016, when the Bankruptcy Court denied appellant's first motion to reconsider (*id.* at 7), or, in the alternative, (2) the triggering date was November 16, 2016, when the Bankruptcy Court denied appellant's second motion to reconsider. (*Id.* at 8). In the second

alternative, the notice of appeal would have had to be filed by Wednesday, November 30, 2016, to be timely. (*Id.*).

3. On September 5, 2017, Mr. Williams filed the motion for reconsideration,[1] asserting that he "was not properly informed by the Court on Appeal deadline, or where to file my appeal, this is verifiable from transcripts of 11/16/16 hearing,"[2] and that Bankruptcy Rule 9006 extended the deadline to file the notice of appeal by three days, meaning that a notice of appeal filed on December 5, 2016, was timely. (D.I. 62 at 1-2). Mr. Williams also requests that the Court grant an extension of time to file his notice of appeal based on excusable neglect. (*Id.* at 2-4).

4. On October 5, 2017, Mr. Williams filed a notice of appeal to the United States Court of Appeals for the Third Circuit. (D.I. 69). The Third Circuit appeal is currently stayed pending the Court's ruling on the motion for reconsideration. (*See* D.I. 74).

5. **Standard of Review.** The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Kabacinski v. Bostrom Seating, Inc.*, 98 F. App'x 78, 81 (3d Cir. 2004) (quoting *Harsco Corp. v. Zlotnick*, 779 F.2d 906, 999 (3d Cir. 1985). A motion to reconsider an order may be granted if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued

---

[1] Since filing the motion for reconsideration, Mr. Williams has also filed numerous additional letter requests. (*See* D.I. 64, 65, 66, 70, 72, 73, 75, 76). As the Court concludes that it is without jurisdiction to consider the appeal, any requests for relief in the additional letters are dismissed as moot.

[2] The transcript of the November 16, 2016, hearing shows no discussion at all about when or where to file an appeal. (11/16/16 Hr'g Tr. at 42:14-60:5; D.I. 22, at 129-47). It does contain the Bankruptcy Court's admonition to "be careful" with respect to the "rules applicable to the appeal, including the time to make the appeal, that are very strictly construed." (11/16/16 Hr'g Tr. at 58:2-58:14).

2

the ruling; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). The standard that a movant "must meet to prevail on a motion for reconsideration is high." *Zokaites Properties LP v. La Mesa Racing, LLC*, 2011 WL 2293283, at *1 (W.D. Pa. June 9, 2011) (citing *Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

6. "A party's mere disagreement with the Court does not translate into the type of clear error of law which justifies reconsideration of a ruling." *Zokaites*, 2011 WL 2293283, at *1; *see also Dare Invs., LLC v. Chi. Title Ins. Co.*, 2011 WL 5513196, at *5 (D.N.J. Nov. 10, 2011) (mere disagreement with the Court's decision will not suffice). Moreover, reargument and reconsideration requests "are not a substitute for an appeal from a final judgment" nor are they an opportunity for "endless debate between the parties and the Court." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (internal citations omitted). Reargument should not be granted where it would merely "allow wasteful repetition of arguments already briefed, considered, and decided." *Id.* (citing *Weissman v. Fruchtman*, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

7. **Discussion.** The motion to reconsider does not set forth any intervening change in controlling law or allege that new evidence has become available. Thus, the Court has no basis to grant relief on those grounds. Mr. Williams appears to argue that reconsideration is required to correct a clear error of law or to prevent manifest injustice. (*See* D.I. 62). Mr. Williams assumes that the triggering date is November 16, 2016, and argues that the Court should reconsider because Bankruptcy Rule 9006 extended by three days his deadline to file the notice of appeal. (*See id.* at 1). Mr. Williams did not raise the Bankruptcy Rule 9006 argument in his briefing on the motion to dismiss, and it was therefore not discussed in the Memorandum.

3

Raising it now is therefore outside of the scope of a motion for reconsideration. Nevertheless, considering Mr. Williams' *pro se* status, and the 16,000 hours that he has "invested in this case" (D.I. 75 at 3), the Court will address the Rule 9006 argument. Mr. Williams' argument must fail, for the following reasons.

8. First, as this Court has already determined, the deadline for Mr. Williams to file the notice of appeal began to run from the date of the Bankruptcy Court's order denying his first motion for reconsideration, which was entered on September 7, 2016. (*See* D.I. 60 at 7). As Mr. Williams makes no argument as to why the Court erred in this determination, there is no ground to reconsider it. On this basis, the motion for reconsideration is denied.

9. Second, even if the deadline to file the notice of appeal ran from the denial of the second motion to reconsider, that is, November 16, 2016, the notice of appeal filed on December 5, 2016 was still untimely. (D.I. 60 at 8). Bankruptcy Rule 9006(f) does not apply to the appeals period prescribed by Bankruptcy Rule 8002(a). By its plain language, Bankruptcy Rule 9006(f) applies "[w]hen there is a right or requirement to act . . . within a prescribed period after being served and that service is by mail . . ." *See* Fed. R. Bankr. P. 9006(f). Bankruptcy Rule 9006(f) does not extend the time within which to act where, as here, the time period for taking the action begins to run from an event other than service, such as the entry of the underlying order. *See* Fed. R. Bankr. P. 9006(f); *In re Arbuckle*, 988 F.2d 29, 31-32 (5th Cir. 1993) (holding that Bankruptcy Rule 9006(f), by its terms, "applies when a time period begins to run after service," and thus does not apply to the appeals period prescribed by Bankruptcy Rule 8002(a), which begins to run upon entry of the order, not its service). The Court followed well-settled law regarding the timeliness of appeals under Bankruptcy Rule 8002, and Mr. Williams has cited no

4

authority to the contrary. Thus, there is no clear error of law or manifest injustice that must be corrected on reconsideration.

10. Mr. Williams claims the result is harsh. I do not disagree, but Congress has mandated the jurisdictional nature of appellate deadlines, and the Third Circuit has, as it must, followed suit. *See In re Caterbone*, 640 F.3d 108, 113 (3d Cir. 2011). I too must follow suit. As the Supreme Court has stated:

> Jurisdictional treatment of statutory time limits makes good sense. Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider. Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them. Put another way, the notion of "'subject-matter'" jurisdiction obviously extends to " 'classes of cases . . . falling within a court's adjudicatory authority,'" but it is no less "jurisdictional" when Congress prohibits federal courts from adjudicating an otherwise legitimate "class of cases" after a certain period has elapsed from final judgment.

*Bowles v. Russell*, 551 U.S. 205, 212-13 (2007) (internal citations and quotation marks omitted).

11. The motion for reconsideration cites Bankruptcy Rule 9006(b)(1) and includes a separate request that the deadline for filing the notice of appeal be extended based on excusable neglect. (*See* D.I. 62 at 2-4). However, Mr. Williams' failure to seek an extension for excusable neglect within the time frame set forth in Bankruptcy Rule 8002(d)(1) was addressed in the Memorandum (*see* D.I. 60 at 8), and Bankruptcy Rule 9006(b) does not provide a separate basis for extension of the deadline to appeal. Bankruptcy Rule 9006(b)(1) provides:

> *Except as provided in paragraphs (2) and (3) of this subdivision,* when an act is required or allowed to be done at or within a specified period by these rules . . . the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1) (emphasis added). Paragraph (3) of this rule expressly states that a court may enlarge the time for taking action under Bankruptcy Rule 8002 "only to the extent and

5

under the conditions stated" in that rule. *Id.*; *In re Douglas*, 477 B.R. 274, 276, n.3 (D.D.C. 2012) ("Rule 9006(b)(1) governs time extensions under other bankruptcy rules, but specifically excludes Rule 8002 from its operation."). Bankruptcy Rule 8002(d)(1) governs the relief Mr. Williams is seeking and provides that a bankruptcy court "may extend the time to file a notice of appeal upon a party's motion that is filed: (A) within the time prescribed by this rule; or (B) within 21 days after that time, if the party shows excusable neglect." Fed. R. Bankr. P. 8002(d)(1). Thus, Bankruptcy Rule 8002(d) requires that, even in cases of excusable neglect, the issue must be raised and a motion filed within 21 days following the expiration of the 14-day appeal period provided in Bankruptcy Rule 8002(a)(1). No such request was made within the 21-day period. As Bankruptcy Rule 9006(b) does not provide a separate basis for extension of the deadline to appeal, Mr. Williams' request for reconsideration on this basis must be denied.

12.  **Conclusion.** The motion for reconsideration does not set forth any intervening change in controlling law or allege that new evidence has become available. Mr. Williams has not demonstrated that the Court needs to correct a clear error of fact or law or that reconsideration is necessary to prevent manifest injustice. The motion for reconsideration fails to set forth any basis on which the Court may grant relief, and it is therefore denied. A separate order will be entered.

Entered this 26 day of October, 2017.

Richard G. Andrews
United States District Judge

6